IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

_____

No. 13-55069
_____

DAVID ALEXANDER,

Plaintiff-Appellant,

vs.

THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A.
F/K/A The BANK OF NEW YORK TRUST COMPANY, N.A.,
JPMORGAN CHASE BANK, N.A., WESTERN PROGRESSIVE, LLC;
and OCWEN LOAN SERVICING, LLC,

Defendants-Appellees.
_____

**APPELLANT'S REPLY BRIEF**
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

No. 2:12-cv-08901-R-CG
The Honorable Manuel L. Real
_____

McMILLAN & HERRELL
Shelly D. McMillan, SBN 136618
8200 Wilshire Boulevard, Suite 400
Beverly Hills, California 90211
Telephone: (323) 951-0060
Facsimile: (323) 951-0061

Attorneys for Plaintiff-Appellant
DAVID ALEXANDER

**TABLE OF CONTENTS**

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      A. The Conclusion That BONY Had No Interest in the Note Is Compelled by the Facts and the Admissions of Respondents . . . . . 2

      B. The Splitting of the Note from the Deed of Trust Made Both the Note and the Deed Of Trust Unenforceable . . 3

      C. The Deed of Trust and Note Are Unenforceable; The Cloud on Title Should Be Removed . . . . . . . . . . . . . . 6

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . 9

**TABLE OF AUTHORITIES**

**Cases**

<u>Adler v. Sargent</u>,
　　109 Cal. 42 (1885) . . . . . . . . . . . . .  4, 7

<u>Buchna v. Bank of America, N.A.</u>
　　478 Fed Appx 425 (C.A.9 (Ariz.). . . . . .  2, 3

<u>Cervantes v. Countrywide Home Loans, Inc</u>.,
　　656 F.3d 1034 (2011). . . . . . . . . . . . . .  7

<u>Debrunner v. Deutsche Bank Natl Trust Co.</u>
　　204 Cal.App.4th 433 (2012). . . . . . . .  4, 5, 6

<u>Domarad v. Fisher  & Burke, Inc.</u>,
　　270 Cal.App.2d 543(1969). . . . . . . . . . . .  7

<u>Ghuman v. Wells Fargo Bank, N.A</u>,
　　2012 WL 2263276 . . . . . . . . . . . . . . .  4, 5

<u>Kelly v. Upshaw</u>,
　　39 Cal.2d 179 (1952) . . . . . . . . . . . .  4, 7

<u>Landmark Nat'l Bank v. Kesler</u>,
　　289 Kan. 528, 216 P.3d 158 (2009). . . . . . .  7

<u>In re Veal</u>,
　　450 B.R. 897 (9th Cir. Bkr. 2011). . . . . . .  5

**INTRODUCTION**

What is remains clear, after analysis of the arguments of Respondents, BONY and JPMorgan, is that the assignment of January 9, 2012 transferred the deed of trust to BONY without assignment of any ownership interest whatsoever in the underlying note, and without any language authorizing BONY to act as an agent on behalf of the owner of the note, JPMorgan.  As such, the deed of trust was decoupled or split from the underlying note.  And, despite Respondents' argument that physical possession of an assigned note is not required under California law, the assignment is nullity because of the failure of JPMorgan to assign any ownership interest or to create an agency relationship at the time the underlying note was assigned.  Physical possession is not the issue because the assignment did not provide BONY with any legal authority to act.

The deed of trust decoupled or split from the underlying note was an encumbrance which clouded the title to Alexander's Property.  Thus, the district court erred in dismissing Alexander's complaint for declaratory relief and to quiet title.

Respondents' other arguments fail because they

1

are not supported by the record and they are not determinative of the ultimate question of whether the deed of trust, once severed from the underlying note, created a cloud on Alexander's title.

**ARGUMENT**

A. The Conclusion That BONY Had No Interest In the Note is Compelled by the Facts and Tte Admissions of Respondents

Citing <u>Buchna v. Bank of America, N.A.</u> 478 Fed Appx 425 (C.A.9 (Ariz.)), Respondents contend that it is a matter of speculation whether BONY owned the loan when the Notice of Default was recorded in January, 2012. Respondents further contend that the January 9, 2012 assignment did not transfer the beneficial interest in the deed of trust to BONY, but, instead, simply "memorialized that the name of the trustee" had been changed. <u>See</u> Respondent's Brief, p. 14.

Respondents' argument that it is mere speculation that BONY did not own the loan is contradicted by the specific language of the January 9, 2012 assignment (which assigned all of the right, title and interest of said Assignor in and to the following deed of trust) which is a specific grant of all of the assignor's interest, and which does not even mention

2

the notion of a mere name change.  Respondents' contention is further contradicted by Respondents' acknowledgment that because of their error BONY was preparing a "Corrective Assignment of Deed of Trust." ER 40, 72 and 78.  Clearly, this was no mere memorialization of a name change.  This was a transfer of all of JPMorgan's legal and beneficial interest in the Ddeed of trust to BONY. Unlike the case in <u>Buchna</u>, there is no speculation as to what was transferred because the beneficiary (BONY) clearly did not receive any interest in the underlying note.  And, when BONY served its Notice of Default, it acted on behalf of the beneficiary under the deed of trust (BONY).  ER 13-114. The severing of the deed of trust from the underlying note resulted in the deed of trust being transferred to BONY who was acting on its own behalf and not as an authorized agent of the note holder, thus, the split rendered both the deed or trust and the note unenforceable.

### B. The Splitting of the Note from the Deed of Trust Made Both the Note and the Deed of Trust Unenforceable

Though physical possession of an assigned note is not required under California law, failure to assign any ownership interest in or to otherwise authorize the

assignee to enforce the underlying note renders the assignment a nullity. Kelly v. Upshaw, 39 Cal.2d 179, 192 (1952)(assignment of a mortgage without assignment of the debt it secured is a legal nullity); see also, Adler v. Sargent, 109 Cal. 42, 46-49 (1895).

Contrary to the focus of Respondents' argument, the issue in this case is not one of BONY's "physical possession" of the underlying note, the issue is the undisputed fact that BONY was not assigned any interest, whatsoever, in the note, which split ownership of the note and the deed of trust, rendering both a nullity.

In the present case it is clear from the language of the purported assignment that there was no assignment or transfer of any underlying debt or note that was once secured by the November 7, 1996 deed of trust. The legal effect of the assignment of the deed of trust to BONY is that it severed the note from the deed of trust. As of the date of the filing of BONY's Motion to Dismiss, the deed of trust was held by BONY, but the note remained held by JPMorgan.

The present case is distinguished from Debrunner v. Deutsche Bank Natl Trust Co., 204 Cal.App.4th 433 (2012), Ghuman v. Wells Fargo Bank, N.A, 2012 WL 2263276, and other authorities cited by

4

Respondents because in those cases, the issues were whether the creditor received physical possession of the note upon an assignment (Debrunner, whether physical possession of the note was required to institute judicial foreclosure), and the extent of the powers of a beneficiary of a security interest who is the lender's nominee (Ghuman).

In Debrunner the court found that there is no requirement that one hold a beneficial interest in order to initiate a foreclosure because the California statute "broadly allows a trustee, mortgagee, beneficiary, **or any of their agents** to initiate non-judicial foreclosure." Debrunner at 441. Thus, the court held that an agent of the note holder could initiate foreclosure proceedings without having to "physically possess" the note. Here, unlike Debrunner, BONY was not assigned any interest in the note, either as a beneficiary or as an agent of the owner of the note. In Debrunner, the court, citing in re Veal, 450 B.R. 897 (9th Cir. Bkr. 2011), noted that the purported assignment of the mortgage to Wells Fargo in the Veal matter had been insufficient to transfer the note. The Debrunner court noted the distinction between an assignment which only "referred to" the note as part of its description of the mortgage it was identifying and,

5

thus, lacked any indicia of transferring the note, and a contrasted assignment which explicitly assigned "'***the note(s) and obligations therein described and the money due and to become due thereon with interest***.'" Debrunner at 442.  In Debrunner, an assignment of "'all beneficial interest' under the deed of trust, 'TOGETHER with the note or notes therein described and secured thereby, the money due and to become due thereon, with interest, and all rights accrued or to accrue under said Deed of Trust...'" was held to be a valid assignment, without the need for the assignee to receive "physical possession" of the assigned note. Debrunner at 442.  Therefore, in Debrunner, the court found the language of assignment to be effective. Here, the assignment did not include language assigning any interest in the promissory note establishing that there was no assignment of the note.  Thus, in this case, because BONY was not an agent of the note holder and the assignment did not transfer any interest in the note to BONY, there the issue of physical possession of the note is not relevant to the dispute.

    C.  The Deed of Trust and Note Are Unenforceable; The Cloud on Title Should Be Removed

Under California law, any "attempt to assign the deed of trust without a transfer of the debt is

6

without effect." <u>Domarad v. Fisher & Burke, Inc</u>. 270 Cal.App.2d 543, 553-554 (1969). It is completely ineffective, a nullity. See <u>Kelly</u>, 39 Cal.2d at 192; <u>Adler</u>, 109 Cal. at 46-49. On its own, a deed of trust has no legal effect, unless, the trustee serves in some agency capacity on behalf of the owner of the note. <u>Cervantes</u> 656 F.3d at 1045 (citing <u>Landmark Nat'l Bank v. Kesler</u>, 289 Kan. 528, 216 P.3d 158, 167 (2009)). If the trustee is not an agent, the holder of the note has waived his security and must now proceed against the borrower under the note.

  Respondents' reliance on <u>Cervantes</u> is misplaced. In <u>Cervantes</u> the court noted that even if the deed of trust were split from the note, the lenders would still be entitled to repayment of their loans. <u>Cervantes</u> at 1044. The court further noted that no issue had been raised as to whether the trustees were acting as agents for the lenders. Id. In this case, unlike <u>Cervantes</u>, JPMorgan would still be entitled to repayment of its loan (from its borrower as opposed to Alexander) but BONY can not proceed against Alexander's property because BONY is neither the owner of the note nor the agent of the owner, JPMorgan. Any "Corrective Assignment" that "includes language transferring the Note" (E.R. 40 and 78) can not serve to retract the

7

waiver of the security that occurred when the note and deed of trust were split.

Alexander is entitled to have the cloud on his title to the Property removed because the deed of trust is invalid and it no longer serves as security for the note. Alexander was not the mortgagor. Rather, he bought title to the Property at an IRS tax sale and does not owe any debt to the owner of the note or to the owner of the deed of trust. When the deed of trust became invalid, Alexander, who was not the original mortgagor, had no further interest or obligation to provide security with regard to the note.

## CONCLUSION

For these reasons, and for those set forth in the Opening Brief, Appellant, David Alexander, submits that this Court should reverse the district court and remand this case for trial.

Dated: November 14, 2013    Respectfully submitted,

McMILLAN & HERRELL
SHELLY D. McMILLAN


By: s/Shelly D. McMillan
Attorneys for Appellant,
DAVID ALEXANDER

8

**CERTIFICATE OF COMPLIANCE**

I certify that this brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B), 29(c), 29(d), and 32(a)(7).

The brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of fed. R. App. P. 32(a)(6) because this brief has been prepared using Wordperfect in Courier New font, a monospaced font, in 14 point type.

The brief contains 1627 words in 211 lines.

By:  s/Shelly D. McMillan

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing APPELLANT's REPLY BRIEF with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on November 14, 2013.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

The following non-CM/ECF user will be served on this date by hand delivery at the business address on record in this action:

> Reginald Mason
> Mason and Mason, LLP
> 8200 Wilshire Boulevard, Suite 300
> Beverly Hills, California 90211

Dated: November 14, 2013.

By: ___s/Shelly D. McMillan___
Shelly D. McMillan
Attorneys for Plaintiff-Appellant, DAVID ALEXANDER